■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY McNEIL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 6, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

On the evening of June 14, 1989, a plainclothes police officer observed the defendant pointing a gun at an occupant of a

civilian vehicle parked on a Brooklyn street. After the officer and his partner identified themselves, the defendant immediately fled from the scene. During the ensuing pursuit, the officer saw the defendant throw his gun under a car. The officer recovered the gun after he had apprehended the defendant. Before being transported to the precinct, the defendant made an inculpatory statement to the officer.

On appeal, the defendant claims that the court erred in denying suppression of the gun and the incriminating statement, on the basis of the allegedly inconsistent and contradictory testimony presented by the two officers at the hearing.

Resolution of issues of credibility is primarily for the hearing court, and its determination should not be disturbed unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Almodovar, 168 AD2d 454, 455). That is so even where, as here, there are inconsistencies in witnesses' testimony (see, People v Barrios, 163 AD2d 579; People v Rodriguez, 167 AD2d 564). From our review of the record, we are convinced that the court properly denied suppression.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.