(January 13, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. COLE, Appellant. [606 NYS2d 805] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered January 7, 1991, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

This appeal was previously before this Court and was remitted for further proceedings (187 AD2d 873). County Court has now conducted a *Mapp* hearing on defendant's motion to suppress physical evidence and the matter is before us for final resolution.

At the suppression hearing, the People produced evidence that Crystal Waters had been assaulted by defendant and thereafter decided to remove her belongings from the apartment she shared with him. Fearful that defendant would arrive at the apartment while she was moving, City of Troy Police Officers John Rogers and Timothy Haskins were summoned to provide a police presence during the move. Upon their arrival at Waters' apartment, Rogers was advised that

there was a briefcase in the apartment in which defendant kept guns and that Waters wanted them removed from the apartment. Rogers advised Waters and her brother-in-law that if the briefcase belonged to defendant, he could not open it without defendant's consent. Thereafter, the brother-in-law, out of the presence of the police officers, broke open the briefcase and when Rogers reentered the room, he observed the broken briefcase and two handguns laying beside it on a couch. Rogers then took possession of the weapons.

Based upon these findings of fact, County Court properly determined that the unlawful search by a private individual did not require suppression *(see, People v Horman,* 22 NY2d 378, *cert denied* 393 US 1057) because the search was not conducted in the presence of the police and was not undertaken on their behalf or at their request *(cf., People v Ray,* 65 NY2d 282; *People v Adler,* 50 NY2d 730, *cert denied* 449 US 1014; *People v Esposito,* 37 NY2d 156). To be sure, defendant on cross-examination adduced evidence of one of the People's witnesses that Rogers was present when the briefcase was broken open and that the police advised the witness that while they could not open the briefcase, it would not be illegal for him to open it. However, "[r]esolution of issues of credibility is primarily for the hearing court, and its determination should not be disturbed unless clearly unsupported by the record", even where there are inconsistencies in witnesses' testimony *(People v McNeil,* 180 AD2d 828, 829; *see, People v Stroman,* 83 AD2d 370). Accordingly, County Court's denial of defendant's motion to suppress should be upheld. We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.