■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE A. SNYDER, Appellant. [607 NYS2d 441] —Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered July 31, 1992, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

The legal issue before us is whether the police legally detained defendant and searched his rented van. Defendant contends that the police searched his vehicle and arrested him without adequate cause.

The information the arresting officers acted upon was transmitted to them by a police dispatcher and effectively revealed that a resident of an apartment adjacent to a parking lot on Fair Street in the City of Ithaca, Tompkins County, saw a U-Haul van in the lot with three white males around it, and when the back of the van was opened, the resident saw what she believed to be marihuana in the back of the van. Within 2½ minutes of the complaint, police arrived at the lot and pulled up directly in front of and blocked the only U-Haul van there. There were three men beside the van: defendant, who exited from behind the wheel of the truck upon the officers' appearance; a second man, who left and went into an apartment building; and Thomas Early, who was outside the truck. The officers approached and asked what was going on and whose van it was. Defendant said, "It's my van. We are moving furniture." Early acknowledged that the furniture was his.

Police Officer Thomas Sinnigen asked the men for identification, whereupon defendant retrieved from the glove compartment and offered a rental agreement for the van with his

name on it. Defendant asked the officers why they were inquiring about the van and why they were there. Sinnigen repeated the informant's statements. Defendant appeared nervous and said that he did not need the trouble, that he was on probation and that he would like to talk to the officer about the situation. Police Sergeant John Curatolo arrived at this point and upon being told by Sinnigen that defendant wanted to talk about the situation, Police Officer Michael Phillips asked if *Miranda* warnings had been given. Learning that none had been given, Curatolo administered them to defendant.

Defendant then made admissions about the truck containing "pot". He requested that any search of it be conducted at the police station because he did not wish everybody at the apartment complex to see his van loaded with marihuana. Defendant was told to sit in the back seat of the patrol car. The officers went to the back door of the van, opened it and found branches, seeds and vegetation therein, which they recognized to be freshly cut marihuana. Sinnigen then informed defendant that he was under arrest for possession of marihuana and handcuffed him; one of the other officers arrested Early. Both were transported to police headquarters. Defendant was read *Miranda* warnings once again at the station and he proceeded to make an incriminating written statement. In consenting to a second search of the van at the station, defendant informed the officer that it contained a notebook with the names and addresses of people to whom he was going to sell marihuana. He also stated that the van contained about 100 pounds of marihuana.

We find no merit to defendant's contention that the officers did not have probable cause to arrest him and seize his van and that County Court should have suppressed the evidence against him.

A police officer may arrest a person without a warrant when he has probable cause to believe that such a person has committed a crime (CPL 140.10). Probable cause may be supplied in whole or part through hearsay information *(People v Johnson,* 66 NY2d 398, 402). In order for reasonable cause to exist, it must appear that the informant has some basis of knowledge for the information being transmitted to the police and that the information is reliable *(People v Landy,* 59 NY2d 369, 375). The statement of the informant here was based on her personal observation of marihuana in the truck. As to the informant's reliability, it may be verified in a variety of ways, including police investigation which corroborates the details of

the information supplied *(People v Elwell,* 50 NY2d 231, 237; *People v Alaimo,* 34 NY2d 187).

The instant case is very similar to *People v Chipp* (75 NY2d 327, 340, *cert denied* 498 US 833), which likewise involved a tip from an average citizen who reported a criminal occurrence as a matter of civic duty. The Court of Appeals indicated therein that such information is to be accorded a high level of reliability in view of the criminal sanctions imposed on false reporting of such information to police authorities *(supra).*

In addition to the basis of reliability enunciated in *People v Chipp (supra),* the police, in arriving at the lot within 2½ minutes of the informant's complaint, found the truck and observed three white males lingering nearby, all of which corroborated the informant's information and further established her reliability.

The police were entitled, under the circumstances, to stop, detain and question the suspects *(see,* CPL 140.50 [1]), which they did by positioning the police car against the bumper of the U-Haul. The investigatory inquiries made regarding the names, addresses and conduct of the individuals at the truck were reasonable and legitimate pursuant to CPL 140.50 (1). Defendant's subsequent freely made admission that the truck held "pot", his consent to having the U-Haul searched and the officers' finding of marihuana within gave the officers probable cause to arrest defendant and seize the truck and its contents.

County Court's finding that the arrest occurred after defendant made admissions and consented to a search of the U-Haul is supported by the record. Although defendant presents a different scenario of his detention, arrest and the search of the vehicle, County Court resolved the credibility issues presented by the variances in testimony against defendant and we see no reason to disturb its determination *(see, People v McNeil,* 180 AD2d 828, 829). County Court's denial of defendant's motion to suppress should be upheld.

Cardona, P. J., Crew III, White and Weiss, JJ., concur. Ordered that the judgment is affirmed.