THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. McCORMICK, Appellant. [791 NYS2d 244]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 1, 2003. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the third degree (§ 511 [1] [a]), defendant contends that County Court erred in denying his motion to suppress evidence. We reject that contention. The record establishes that the police received a telephone call informing them that the victim's car had been

taken by defendant. The police met the victim at her apartment and confirmed that defendant had taken her vehicle without her permission. They also learned that the victim did not have license plates on her vehicle. Additionally, the 7-year-old child of the victim was in the apartment, and he told the police that defendant had been watching him but had left him alone in the apartment. Based on that evidence, the police had the requisite reasonable suspicion to stop the vehicle that defendant was driving (*see generally People v Paul*, 6 AD3d 1129, 1130 [2004], *lv denied* 3 NY3d 679 [2004]). Because the police spoke directly to the victim and her son, we reject defendant's contention that the *Aguilar-Spinelli* test should have been applied herein. We further reject the contention of defendant that the court erred in denying his request to withdraw the plea on the ground that he was denied access to the court's decision on his suppression motion. The record establishes that defense counsel had received the decision before the time of defendant's plea colloquy and that the court gave defense counsel an opportunity to speak to defendant about the decision prior to the plea colloquy. Also contrary to defendant's contention, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.