■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HOWARD, Also Known as VINCENT TAGGERT, Also Known as RODNEY TAGGART, Appellant. [796 NYS2d 212]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered August 12, 2002. The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). Defendant was acquitted of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and attempted grand larceny in the fourth degree (§§ 110.00, 155.30 [1]). Contrary to the contention of defendant, County Court properly denied his suppression motion. The evidence at the suppression hearing established that a woman presented a check at a bank and that the check was drawn on the account of an insurance company. When the bank employees did not immediately cash the check, they observed the woman leave the bank and enter a vehicle. They then telephoned the police and provided descriptions of the vehicle and the woman. Contrary to the contention of defendant, the police had reasonable suspicion to stop the vehicle that he was driving based on the description of the vehicle provided by the bank employees and the officer's observation that the woman who was a passenger in the back seat of the vehicle matched the description of the woman provided by the bank employees (*see People v Pines*, 99 NY2d 525, 527 [2002]; *People v Martinez*, 80 NY2d 444, 447-448 [1992]). The failure of defendant to produce his driver's license and the officer's record check provided the officer with probable cause to arrest defendant for unlicensed operation of a motor vehicle (*see* Vehicle and Traffic Law § 401 [4]; § 507 [2]; § 509 [1]; *People v Clark*, 227 AD2d 983, 984 [1996]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.