■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE G. HOUGHTALEN, Appellant. [931 NYS2d 922]—

Lahtinen, J.

Defendant contends that his arrest for driving while intoxicated resulted from an unlawful traffic stop by police. Police were contacted by the victim of an alleged assault, who resided with, among others, Marjorie Hall and defendant at defendant's home. The victim reported that Hall had assaulted her that day and then left the residence and was currently riding as a passenger in defendant's vehicle. State Trooper Lucas Anthony was familiar with these individuals since he had been summoned to defendant's residence a few days earlier regarding a reported domestic dispute involving Hall and another individual. Anthony relayed the pertinent information to another trooper, and the troopers proceeded in separate vehicles to near defendant's home. Shortly thereafter, the other trooper stopped the truck driven by defendant in which Hall was a passenger. Anthony joined the other trooper and observed that defendant appeared intoxicated when he conversed with him. Defendant failed a field sobriety test, resulting in his arrest and subsequent indictment for, among other things, felony driving while intoxicated. His motion to suppress based upon the alleged unlawful stop was denied in a detailed decision by County Court. Defendant pleaded guilty to one count of driving while intoxicated as a felony, specifically reserving his right to challenge on appeal the suppression ruling. Defendant now appeals and we affirm.

A traffic stop by police is lawful "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (*People v Spencer*, 84 NY2d 749, 753 [1995], *cert denied* 516 US 905 [1995]; *see People v Brisson*, 68 AD3d 1544, 1547-1548 [2009], *lv denied* 14 NY3d 798 [2010]; *People v Booker*, 64 AD3d 899, 900 [2009]). Here, in addition to the relevant information about the conduct and location of Hall received from the victim, Anthony also knew that there was an outstanding arrest warrant for Hall. Although the victim had previously given inconsistent statements to police, this did not necessarily render her information unreliable. Anthony had been to defendant's home only a few days earlier and was aware that these individuals resided together. It was reasonable to conclude that the victim would know that Hall was riding with defendant and that the victim would supply accurate information about their location given her contention of assaultive conduct by Hall

against her occurring that day. The police had adequate information that an occupant of defendant's truck had committed a crime to justify the traffic stop (see People v Howard, 19 AD3d 1073, 1074 [2005], lv denied 5 NY3d 853 [2005]; People v McCormick, 16 AD3d 1149, 1150 [2005], lv denied 4 NY3d 855 [2005]).

The remaining arguments have been considered and are unpersuasive.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.