■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. COFFEY, Appellant. [966 NYS2d 277]—

Garry, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered March 29, 2011, convicting defendant following a nonjury trial of the crime of attempted criminal possession of a controlled substance in the third degree.

On January 14, 2010, a State Police investigator was investigating a suspected methamphetamine laboratory located on State Route 17C in the Town of Tioga, Tioga County. While at

the scene of the suspected laboratory, he received a phone call from a confidential informant (hereinafter CI) advising that defendant and another person, with whom the CI had just been meeting, were on their way to that location. According to the CI, the pair were riding in a brown Chevrolet pickup truck, with rust on the rear fender, and they possessed methamphetamine, Oxycontin and a semiautomatic handgun. The investigator informed other members of law enforcement and, shortly thereafter, a trooper observed a truck matching the description given by the CI drive past the driveway to the laboratory. The trooper pulled the truck over, and the driver and defendant, a passenger, were both removed. Defendant was taken to a spot in front of the trooper's vehicle, where he was asked whether he had anything on him that the trooper should be made aware of. In response to this inquiry, defendant admitted to carrying methamphetamine in a cigarette pack. The trooper patted him down and removed the cigarette pack from defendant's pocket, which contained a plastic baggie and a straw, each containing a powder residue. The trooper then placed defendant in handcuffs, read him his *Miranda* rights and put him in the backseat of his patrol car.

The investigator arrived on the scene shortly thereafter, again advised defendant of his *Miranda* rights, and asked if defendant understood his rights and if he wished to continue to speak with him. After defendant answered both questions in the affirmative, the investigator asked defendant if he had anything else on him. Defendant said that he was carrying some pills, but a subsequent search of his person turned up nothing. Defendant then informed the investigator that the pills must be in his jacket, which was still inside the pickup truck. The investigator then went into the vehicle and located the jacket, which contained Oxycontin pills. While in the vehicle getting the jacket, the investigator spotted a plastic shopping bag in which he could see the handle of a handgun. Defendant was thereafter transported to the State Police barracks, where he provided a signed written statement admitting the possession of methamphetamine and Oxycontin pills.

Defendant was later charged with criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree and, following County Court's denial of defendant's motion to suppress both the physical evidence and his oral statements, he ultimately waived his right to a jury trial and proceeded to a bench trial on stipulated facts. He was found guilty of attempted criminal possession of a controlled substance in the third degree and sentenced, as a

second felony offender, to 5½ years in prison, to be followed by three years of postrelease supervision, with a recommendation that defendant enter the Comprehensive Alcohol and Substance Abuse Treatment program. Defendant appeals.

We affirm. Defendant challenges the denial of his suppression motion, asserting that the police did not have probable cause to justify stopping the vehicle and/or making an arrest. Specifically, defendant argues that the People did not establish that the information supplied by the CI satisfied the two-pronged *Aguilar-Spinelli* test. While "the *Aguilar-Spinelli* test is used in evaluating whether an informant's tip was sufficient to provide the police with *probable cause* for either the issuance of a search warrant or a warrantless arrest" (*People v Porter*, 101 AD3d 44, 46 [2012], *lv denied* 20 NY3d 1064 [2013]), the police did not need probable cause to make the initial stop of the vehicle. Rather, the police were required to demonstrate the less-demanding standard of reasonable suspicion that defendant has committed, is committing or is about to commit a crime (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Porter*, 101 AD3d at 46; *People v Houghtalen*, 89 AD3d 1163, 1164 [2011]). Here, the investigator testified that the CI had given reliable information in the past, resulting in several search warrants and arrests. In fact, the CI had provided information that resulted in the discovery of the methamphetamine lab that was being investigated at the time the investigator received the telephone call. Further, the CI had personally observed defendant and the other individual just prior to the telephone call and informed the investigator of the criminal activity he had observed, as well as the vehicle in which they had departed and the time that they would arrive at the location of the lab. In our view, the People demonstrated here that the police had a reasonable suspicion of criminal activity justifying the stop of the vehicle (*see People v Landy*, 59 NY2d 369, 376 [1983]; *People v Eutsay*, 287 AD2d 298, 299 [2001], *lv denied* 97 NY2d 704 [2002]; *People v Evans*, 106 AD2d 527, 530-531 [1984]).

We reject defendant's contention that removing him from the vehicle at gunpoint constituted an arrest without probable cause. An investigatory stop will not ripen into an arrest based upon the use of weapons by the police when they have reason to believe that the suspects are armed and dangerous, and here the police had been advised that defendant and the other individual were armed (*see People v Chestnut*, 51 NY2d 14, 21 [1980], *cert denied* 449 US 1018 [1980]; *People v Mabeus*, 68 AD3d 1557, 1560-1561 [2009], *lv denied* 14 NY3d 842 [2010]; *People v Mateo*, 122 AD2d 229, 231 [1986], *lv denied* 69 NY2d

952 [1987]; *People v Evans*, 106 AD2d at 531). Defendant's admission to possessing methamphetamine thereafter provided probable cause for his arrest (*see People v Snyder*, 200 AD2d 901, 903 [1994]) and the search of the vehicle (*see People v Blasich*, 73 NY2d 673, 678-679 [1989]; *People v Martin*, 50 AD3d 1169, 1170 [2008]).

Defendant also argues that he was improperly subjected to custodial interrogation when the trooper inquired whether defendant had anything on him that he should be concerned about, and the failure to administer *Miranda* warnings prior to the inquiry requires that his statements be suppressed. Significantly, however, "threshold crime scene inquiries designed to clarify the situation and questions that are purely investigatory in nature do not need to be preceded by *Miranda* warnings" (*People v Mayerhofer*, 283 AD2d 672, 674 [2001] [internal quotation marks and citation omitted]; *see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Here, the trooper had been advised that the occupants of the vehicle were armed, and this initial inquiry of defendant constituted a threshold question aimed at alleviating an immediate threat to his safety. Accordingly, we conclude that *Miranda* warnings did not need to precede it. This determination disposes of defendant's further argument that his statement to the investigator was tainted by the alleged illegality of the trooper's initial questioning (*see People v Walker*, 267 AD2d 778, 780 [1999], *lv denied* 94 NY2d 926 [2000]). Finally, we agree with County Court that defendant knowingly and voluntarily waived his *Miranda* rights.

Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the judgment is affirmed.