Stein, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 6, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
On July 4, 2009, Robert Haberski — a police officer in the Town of Saugerties, Ulster County — received a tip from a confidential informant that a vehicle traveling in the area had a large quantity of ecstacy in the glove box. After locating the vehicle described by the informant, Haberski observed that the driver was not wearing his seat belt. Police initiated a traffic stop and defendant, who was driving, was asked to exit the vehicle. After admitting that he had a switchblade in his pants, defendant was placed in custody. Haberski then searched the glove box and found a plastic baggy containing a large quantity of ecstacy and a variety of prescription medications. The vehicle was impounded and defendant was transported to the police station, where he was given his Miranda warnings and he provided a statement.
Defendant was subsequently charged by indictment with criminal possession of a controlled substance in the third and fifth degrees and criminal possession of a weapon in the fourth degree. Defendant moved to suppress, among other things, the evidence found in the glove box. After a suppression hearing, County Court determined that there was probable cause for the police to stop and search the vehicle and denied defendant’s motion to suppress the evidence seized therefrom. Defendant thereafter pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced, in accord with the plea agreement, to four years in prison plus two years of postrelease supervision. Defendant now appeals, and we affirm.
Defendant’s sole contention on appeal is that County Court erred by denying his motion to suppress the ecstasy found in the glove box because the vehicle was improperly searched. Police may legally stop a vehicle if they have “reasonable suspicion *1164 that [a] defendant has committed, is committing or is about to commit a crime” (People v Coffey, 107 AD3d 1047, 1049 [2013], lv denied 21 NY3d 1041 [2013]; see People v De Bout, 40 NY2d 210, 223 [1976]; People v Houghtalen, 89 AD3d 1163, 1164 [2011]). Further, probable cause exists for a traffic stop if an officer observes a defendant committing a traffic violation (see People v Thompson, 106 AD3d 1134, 1135 [2013]; People v Horge, 80 AD3d 1074, 1074 [2011]). A tip from a confidential informant may provide reasonable suspicion or probable cause if the People demonstrate the informant’s “reliability and the basis of his or her knowledge” (People v Chisholm, 21 NY3d 990, 994 [2013]; see Spinelli v United States, 393 US 410, 416 [1969]; Aguilar v Texas, 378 US 108, 114 [1964]; People v Coffey, 107 AD3d at 1049; People v Porter, 101 AD3d 44, 46 [2012], lv denied 20 NY3d 1064 [2013]).
Here, Haberski testified at the suppression hearing that he received a tip from a confidential informant that a vehicle in the area had a large quantity of ecstacy in it. He then observed defendant driving a vehicle — which fit the description and was in the location indicated by the informant — without a seat belt (see Vehicle and Traffic Law § 1229-c [3]). The reliability of the confidential informant was not challenged at the hearing and was established through Haberski’s testimony that, among other things, the informant had a history of providing reliable information to the police. The informant relayed to Haberski his conversation with defendant about the drugs and his personal observation of the drugs in defendant’s glove box and also provided an accurate and detailed description of defendant’s vehicle and the location and route it was traveling (see People v Coffey, 107 AD3d at 1049). According appropriate deference to County Court’s credibility determinations, we conclude that Haberski’s testimony demonstrated that the police were justified in making the initial stop of defendant’s vehicle (see People v Coffey, 107 AD3d at 1049; People v Thompson, 106 AD3d at 1135).
Additionally, there was probable cause for the search of the vehicle pursuant to the automobile exception to the warrant requirement, which permits a search of a vehicle where there is probable cause to believe that contraband or evidence of a crime will be found inside (see People v Galak, 81 NY2d 463, 466-467 [1993]; People v Thompson, 106 AD3d at 1135; People v Boler, 106 AD3d 1119, 1122 [2013]; People v Martin, 50 AD3d 1169, 1170 [2008]). Following defendant’s arrest, the information furnished by the confidential informant provided the police with probable cause to believe that there was a large quantity of *1165 ecstasy in the glove box. Inasmuch as the police were authorized to conduct a warrantless search of defendant’s vehicle, County Court properly denied his suppression motion.*
Peters, EJ., McCarthy and Rose, JJ, concur. Ordered that the judgment is affirmed.

 As a result of our decision, we need not address defendant’s argument that the inventory search of his vehicle was invalid.