Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 10, 2015                106278
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

RANDY COOK,
                        Appellant.
_____


Calendar Date:  October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

                    _____


        David E. Woodin, Catskill, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered August 1, 2013, convicting defendant
upon his plea of guilty of the crimes of criminal possession of a
weapon in the second degree and criminal possession of a weapon
in the third degree.

        In December 2012, Eric VanAllen — a police detective with
the Kingston Police Department — received information from a
confidential informant (hereinafter CI) that an individual was
carrying a loaded handgun on Clinton Avenue in the City of
Kingston, Ulster County.  The CI further informed VanAllen that
the individual — whom the CI knew from previous drug transactions
— was a white male with the first name of Randy, who was wearing
a black sweatshirt and driving a dark colored vehicle with

out-of-state license plates.  VanAllen, who was off duty at the time, relayed the information to Michael Pedersen — another officer with the Kingston Police Department — who had seen defendant's photograph earlier that afternoon in connection with an outstanding bench warrant for his arrest on drug-related charges.  Later that same night, Pedersen observed an individual, who matched the description given by the CI, leave a residence on Clinton Avenue in Kingston, walk toward a blue vehicle with out-of-state license plates and place a backpack in the trunk before entering the vehicle.  Pedersen then stopped the vehicle and, after confirming that the individual operating it was defendant, placed him under arrest.  Thereafter, Brian Lowe — yet another officer with the Kingston Police Department — conducted a search of defendant's vehicle and found a loaded .357 revolver and ammunition inside a backpack in the trunk.

In February 2013, defendant was charged in a two-count indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. At arraignment, defendant, through counsel from the Public Defender's office, acknowledged receiving a copy of the indictment, waived a formal reading of the charges and entered a plea of not guilty.  Following a suppression hearing, County Court found, among other things, that Pedersen and Lowe had reasonable suspicion to stop defendant's vehicle and probable cause to place him under arrest and search the vehicle.  At the close of the People's proof at trial, defendant entered a guilty plea to both counts of the indictment and was subsequently sentenced to an aggregate prison term of 10 years to be followed by five years of postrelease supervision.  Defendant now appeals and we affirm.

We find no merit in defendant's initial arguments that County Court failed to obtain jurisdiction over him on account of an invalid arraignment.  Defendant was not deprived of his well-defined right to counsel (see US Const 6th, 14th Amends; NY Const, art I, § 6), as the record before us makes clear that defendant was represented by Ulster County Assistant Public Defender Mariann Connolly at arraignment.  Connolly continued her representation of defendant at all stages of the pretrial proceedings until May 2013, when new counsel was appointed due to

a conflict of interest with the Ulster County Public Defender's office (see Hurrell-Harring v State of New York, 15 NY3d 8, 20 [2010]; People v Garcia, 92 NY2d 726, 730 [1999], cert denied 528 US 845 [1999]), and at no time during these proceedings did defendant object to or express dissatisfaction with her representation (compare People v Augustine, 89 AD3d 1238, 1240 [2011], affd 21 NY3d 949 [2013]).[1]  Thus, County Court did not deprive defendant of his right to counsel.

Turning to the issue of whether defendant's arraignment comported with the statutory requirements of CPL 210.15, although defendant's argument on this ground survives his plea of guilty to the charges in the indictment (see People v Hansen, 95 NY2d 227, 231-232 [2000]), the argument is not preserved for our review, as defendant failed to contest the validity of the arraignment before County Court (see People v Hallenbeck, 81 AD3d 1077, 1078-1079 [2011]; People v Littleton, 53 AD3d 801, 801-802 [2008]).  In any event, were we to address the merits, we would nonetheless find that defendant was arraigned in accordance with the statutory requirements (see CPL 210.15) and, as such, jurisdiction was properly obtained over him (see People v Anderson, 118 AD3d 1138, 1140 [2014], lv denied 24 NY3d 1117 [2015]; People v Buckner, 274 AD2d 832, 833 [2000], lv denied 95 NY2d 904 [2000]).

Defendant further contends that his plea was not knowing, voluntary or intelligent.  Such claim is similarly unpreserved due to the absence of the appropriate postallocution motion to withdraw his plea (see People v Watson, 110 AD3d 1110, 1110-1111 [2013], lvs denied  22 NY3d 1157, 1160 [2014]).  Furthermore, the narrow exception to the preservation rule is not triggered here (see People v Lopez, 71 NY2d 662, 664-665 [1988]).

---

[1]  To the extent that defendant attempts to raise arguments regarding the adequacy of Connolly's pretrial performance that are premised upon evidence outside of the record, the proper avenue for such arguments is a CPL article 440 motion (see People v Goldston, 126 AD3d 1175, 1178 [2015], lv denied 25 NY3d 1201 [2015]).

We are also unpersuaded by defendant's claims that County Court should have granted his motion to suppress evidence. Initially, we find that there was reasonable suspicion to stop defendant's vehicle. "Police may legally stop a vehicle if they have 'reasonable suspicion that [a] defendant has committed, is committing or is about to commit a crime'" (People v Portelli, 116 AD3d 1163, 1163-1164 [2014], quoting People v Coffey, 107 AD3d 1047, 1049 [2013], lv denied 21 NY3d 1041 [2013]; see People v De Bour, 40 NY2d 210, 223 [1976]). A tip from a confidential informant may provide the requisite level of suspicion if the People demonstrate the informant's "reliability and the basis of his or her knowledge" (People v Chisholm, 21 NY3d 990, 994 [2013]; see Spinelli v United States, 393 US 410, 416 [1969]; Aguilar v Texas, 378 US 108, 114 [1964]). At the suppression hearing, VanAllen testified that the CI who informed him of defendant's whereabouts on the night in question had supplied him with reliable information regarding drug deals and gang activity on multiple occasions (see e.g. People v Johnson, 66 NY2d 398, 403 [1985]). The CI's reliability was further established by Pedersen's confirmation that defendant was on Clinton Avenue in Kingston driving a dark colored vehicle with out-of-state license plates, just as the CI had described. Thus, in our view, the People demonstrated that the police had a reasonable suspicion of criminal activity and, as such, were justified in making the initial stop of defendant's vehicle (see People v Coffey, 107 AD3d at 1049).

Continuing, "there was probable cause for the search of [defendant's] vehicle pursuant to the automobile exception to the warrant requirement, which permits a search of a vehicle where there is probable cause to believe that contraband or evidence of a crime will be found inside" (People v Portelli, 116 AD3d at 1164). Specifically, following confirmation that the individual operating the vehicle was defendant, he was lawfully arrested on the outstanding bench warrant, and the information furnished by the CI provided the police with probable cause to believe that there was a weapon in the trunk of the vehicle (see People v Galak, 81 NY2d 463, 466-467 [1993]; People v Thompson, 106 AD3d 1134, 1135 [2013]). Thus, inasmuch as the police were authorized to conduct a warrantless search of defendant's vehicle, County Court properly denied defendant's motion to suppress the physical

evidence recovered from the trunk of the vehicle.

Finally, County Court properly denied defendant's motion to suppress his statements to the police at the time of his arrest because, based upon the record before us, defendant failed to demonstrate that he was actually represented by counsel on the earlier charge at the time of questioning (see People v Lopez, 16 NY3d 375, 378 [2011]; People v Rosa, 65 NY2d 380, 387 [1985]; People v Augustine, 89 AD3d at 1239).  Thus, where, as here, the evidence demonstrates that the defendant was "not actually represented by counsel on pending charges and d[id] not request counsel," the police were permitted to question him about unrelated matters (People v Augustine, 89 AD3d at 1239; see People v Hooks, 71 AD3d 1184, 1185 [2010]).

McCarthy, J.P., Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court