■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTRIL CLARK, Appellant. [60 NYS3d 590]—

McCarthy, J.P. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered November 25, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree (two counts) and criminal possession of a firearm.

On December 19, 2014, a detective with the City of Troy Police Department received information from a confidential informant (hereinafter CI) indicating that defendant was in possession of a handgun. Later that day, when the CI notified the detective that defendant was parked in a vehicle outside a home in the City of Troy, Rensselaer County, the detective went to the area to investigate. The detective observed defendant while waiting in a parked vehicle nearby and, as defendant drove away, he was followed by a marked patrol vehicle that had been dispatched to the scene. When the patrol officer following defendant observed that he did not come to a complete stop at a stop sign, he pulled defendant over and,

together with other officers, executed a felony traffic stop. The officer approached defendant's vehicle with his gun drawn, instructed defendant to keep his hands up, handcuffed him, removed him from the vehicle and patted him down. During the pat down, the officer removed from defendant's coat pocket a handgun that matched the description provided by the CI. As a result, defendant was arrested and charged in an indictment with two counts of criminal possession of a weapon in the second degree and one count of criminal possession of a firearm. Following a *Mapp/Dunaway* hearing, County Court denied defendant's motion to suppress the evidence seized. Defendant later pleaded guilty to all counts of the indictment with no promise being made concerning sentencing. County Court ultimately sentenced defendant to 6½ years in prison and five years of postrelease supervision on each of the two convictions of criminal possession of a weapon in the second degree and 1 to 3 years in prison on the conviction of criminal possession of a firearm, all sentences to run concurrently. Defendant now appeals.

Defendant contends that County Court erroneously denied his suppression motion because there was not probable cause for his arrest. Initially, it is well settled that "[p]robable cause to arrest a person for an offense without a warrant exists when a police officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Tillie*, 239 AD2d 670, 671 [1997] [internal quotation marks and citations omitted], *lv denied* 91 NY2d 881 [1997]; *see People v Cruz*, 131 AD3d 724, 726 [2015], *lv denied* 26 NY3d 1087 [2015]; *People v Stroman*, 106 AD3d 1268, 1269 [2013], *lv denied* 21 NY3d 1046 [2013]). Notably, the commission of a traffic violation has been found to constitute probable cause for the police to stop a vehicle (*see People v Portelli*, 116 AD3d 1163, 1164 [2014]; *People v Thompson*, 106 AD3d 1134, 1135 [2013]). Furthermore, where the stop leads to an arrest, information given to the police by a confidential informant "may provide reasonable suspicion or probable cause if the People demonstrate the informant's 'reliability and the basis of his or her knowledge'" (*People v Portelli*, 116 AD3d at 1164, quoting *People v Chisholm*, 21 NY3d 990, 994 [2013]; *see Spinelli v United States*, 393 US 410, 416 [1969]; *Aguilar v Texas*, 378 US 108, 114 [1964]; *People v Cook*, 134 AD3d 1241, 1243 [2015], *lv denied* 26 NY3d 1143 [2016]).

Here, defendant's failure to heed the stop sign provided probable cause for the patrol officer's initial stop of his vehicle. To the extent that the initial stop escalated and resulted in de-

fendant's arrest, we find that the information related by the CI provided the requisite probable cause considering that the CI's reliability and basis of knowledge were adequately established at the suppression hearing. With respect to the CI's reliability, the detective who communicated with the CI testified that he had worked with him for over two years on other investigations and, during this time, the CI had provided valuable information leading to some criminal convictions. As for the CI's basis of knowledge, the detective testified that, during the second telephone call that the CI made to him on December 19, 2014, he indicated that defendant had a handgun in his coat pocket, which the CI had seen earlier in the day. The detective stated that the CI described the gun in particular detail and that it matched the one that was eventually recovered from defendant. The detective acknowledged that the CI did not specifically mention the gun when he called him the third time to inform him of defendant's whereabouts. However, the Assistant District Attorney who questioned the CI about his conversations with defendant testified that the CI understood defendant to state to him that he possessed a gun at such time. The CI's reliability was further supported by his accurate information regarding defendant's location in a parked car. Crediting County Court's credibility determinations (*see People v Portelli*, 116 AD3d at 1164), the foregoing testimony demonstrates that the police had probable cause for defendant's arrest (*see People v Cook*, 134 AD3d at 1243; *People v Wolfe*, 103 AD3d 1031, 1034 [2013], *lv denied* 21 NY3d 1021 [2013]). Accordingly, his motion to suppress the evidence was properly denied.

Defendant also challenges the voluntariness of his guilty plea. This claim, however, has not been preserved for our review as the record does not indicate that he made an appropriate postallocution motion nor does it reveal that he made any statements that would invoke the narrow exception to the preservation rule (*see People v Woods*, 147 AD3d 1156, 1156-1157 [2017]; *People v Millard*, 147 AD3d 1155, 1156 [2017], *lv denied* 29 NY3d 999 [2017]). Furthermore, we find no merit to defendant's claim that the sentence is harsh and excessive. Defendant pleaded guilty to the crimes at issue with full knowledge that there was no promise regarding sentencing and the sentence imposed was significantly less than the statutory maximum (*see* Penal Law §§ 70.00 [2] [e]; [3] [b]; 70.02 [3] [b]). Accordingly, we discern no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Brodhead*, 106 AD3d 1337, 1337 [2013], *lv denied* 22 NY3d 1087 [2014]; *People v Smith*, 100 AD3d 1144 [2012]).

Lynch, Devine, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.