People v Stratton (2022 NY Slip Op 00334)





People v Stratton


2022 NY Slip Op 00334


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

110671
[*1]The People of the State of New York, Respondent,
v
Nahmel Stratton, Appellant.

Calendar Date:December 15, 2021

Before:Egan Jr, J.P., Clark, Pritzker and Colangelo, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered March 22, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In May 2017, defendant was charged with criminal possession of a weapon in the second degree for possessing a loaded firearm in the area of Johnnie's Bar in the City of Albany. Following Darden and Dunaway/Mapp hearings, County Court denied defendant's motion to suppress the loaded firearm. In January 2018, defendant entered into a negotiated plea agreement and pleaded guilty to the charge with the understanding that he would waive his right to appeal and be sentenced to a prison term of seven years with five years of postrelease supervision. He also signed a written waiver of his right to appeal during the plea proceedings. At sentencing, defendant asked the court to instead sentence him to a prison term of eight years and allow him the right to appeal the court's suppression decision. County Court denied his request, and defendant was sentenced in accord with the negotiated plea agreement. Defendant appeals.
Defendant argues that his waiver of the right to appeal was overly broad and, thus, not knowing, voluntary and intelligent. We agree. We have found this exact written waiver, utilized by the Albany County District Attorney's office, to be overly broad (see People v Robinson, 195 AD3d 1235, 1236 [2021]; People v Downs, 194 AD3d 1118, 1118-1119 [2021], lv denied 37 NY3d 971 [2021]), and County Court's colloquy did not cure its defects (see People v Winters, 196 AD3d 847, 848-849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]; People v Figueroa, 192 AD3d 1269, 1270 [2021]). Thus, defendant's waiver of the right to appeal is unenforceable, and we will therefore decide the suppression issues relative to the loaded firearm.
The facts at the Darden and Dunaway/Mapp hearings establish that, in the early hours of April 28, 2017, Scott Gavigan, an investigator with the City of Albany Police Department, received a telephone call from a confidential informant (hereinafter CI) telling him, as it was happening, that an individual known as Mel had placed a handgun in his waistband outside of a bar on Central Avenue in Albany, gotten into a black Durango SUV with four or five other black males and was heading to Johnnie's Bar on Broadway in Albany. The CI relayed the vehicle's license plate number and indicated that it had Texas plates. As Gavigan was off duty, he called the dispatcher for the police department and relayed the information that he had received from the CI. Shane Merritt, an Albany police officer, testified that, shortly after information concerning the vehicle was dispatched, he contacted the dispatcher and asked if the vehicle had New York or Texas plates as he and his partner had just seen a vehicle with the latter otherwise matching the dispatch description. As Merritt and his partner arrived at Johnnie's Bar, [*2]the dispatcher clarified that the vehicle was reported to have Texas plates, indicating that he had previously mistakenly noted that the vehicle had New York plates. They then saw the same vehicle with the Texas plates attempting to park as one of its occupants was jumping out of the vehicle. Merritt and his partner ran up to the vehicle, and Merritt told the occupants to remain inside and place their hands on the dashboard or headrest in front of them. The driver of the vehicle was then removed from the vehicle by Merritt. At that time, another officer, Neil Mullarkey, arrived on the scene and assisted by removing defendant from the rear driver side of the vehicle. Mullarkey testified that, as he was about to pat down defendant, defendant tried to run away, but Mullarkey and another officer were able to stop him. As the officers were bringing defendant to the ground, they heard what sounded like a heavy metal object hit the ground, and Merritt then saw a handgun on the ground. Defendant was accordingly arrested and taken into custody, and the firearm was recovered and found to be loaded.
Defendant maintains that the loaded firearm should be suppressed as the police did not have probable cause for an arrest and did not have reasonable suspicion that criminal activity was afoot when they effectuated the subject traffic stop based upon the information provided by the CI. "The People may establish probable cause for a warrantless arrest based upon hearsay information supplied by an informant provided both the veracity and basis of knowledge requirements of the Aguilar-Spinelli test have been met" (People v Smalls, 271 AD2d 754, 754-755 [2000] [internal citations omitted], lv denied 95 NY2d 804 [2000]; see People v Griminger, 71 NY2d 635, 638-639 [1988]; People v Pettigrew, 161 AD3d 1306, 1307 [2018], lv denied 32 NY3d 940 [2018]). According deference to County Court's credibility determinations, the basis of the CI's firsthand knowledge of the events was clearly established during the confidential Darden hearing (see People v Jackson, 189 AD3d 1705, 1706 [2020], lv denied 36 NY3d 1098 [2021]), as well as through the testimony of Gavigan at the Dunaway/Mapp hearing (see People v Rodriguez, 195 AD3d 1237, 1239-1240 [2021], lv denied 37 NY3d 1061 [2021]). The People showed that the CI had a "reliable track record" of assisting the police over the course of the 10 years prior to the hearings (People v Mondolfi, 221 AD2d 726, 726 [1995] [internal quotation marks and citation omitted], lv denied 88 NY2d 882 [1996]). As to the veracity of the CI's information, Merritt's testimony showed that defendant was in the exact vehicle described by the CI at the location indicated by the CI. The police therefore had reasonable suspicion for the traffic stop and probable cause for defendant's arrest, and, accordingly, his motion to suppress the loaded firearm was properly denied (see People v Rodriguez, 195 AD3d at 1239-1240; People v Jackson, 189 AD3d at [*3]1706; People v Zirpola, 171 AD3d 1245, 1246-1247 [2019], lv denied 34 NY3d 1164 [2020]; People v Clark, 153 AD3d 1093, 1094-1095 [2017], lv denied 30 NY3d 979 [2017]; People v Cook, 134 AD3d 1241, 1243-1244 [2015], lv denied 26 NY3d 1143 [2016]; People v Portelli, 116 AD3d 1163, 1164 [2014]).
Defendant next contends that he was not afforded meaningful representation under both the Federal and State Constitutions. However, defendant's claim of ineffective assistance of counsel is unpreserved as he did not make an appropriate postallocution motion (see People v Hines, ___ AD3d ___, ___, 2021 NY Slip Op 06886, *2 [2021]; People v Nack, ___ AD3d ___, ___, 2021 NY Slip Op 06882, *2 [2021]; People v Greene, 171 AD3d 1407, 1408 [2019]). "Further, defendant did not make any statements during the plea colloquy or at sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement" (People v Stebbins, 171 AD3d 1395, 1397 [2019] [citations omitted], lv denied 33 NY3d 1108 [2019]; see People v Pastor, 28 NY3d 1089, 1090 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]). In any event, defendant received a favorable plea agreement, and defense counsel's decision not to subpoena certain cell phone records cannot be said to have been without strategy (see People v Benevento, 91 NY2d 708, 713 [1998]; People v Pace, 192 AD3d 1274, 1275 [2021], lv denied 37 NY3d 973 [2021]; People v Perry, 148 AD3d 1224, 1225-1226 [2017]).
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.