People v Darby (2022 NY Slip Op 03771)

People v Darby

2022 NY Slip Op 03771

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

111991 112344
[*1]The People of the State of New York, Respondent,
v
Joe Darby, Appellant.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

McShan, J.
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered April 19, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered April 23, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with one count of criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree stemming from allegations that he constructively possessed drugs and agreed to sell more than one-half ounce of cocaine to a confidential informant (hereinafter CI). Defendant moved to, among other things, suppress evidence seized from his vehicle as well as from the passenger of the vehicle based on what he argued was an unlawful seizure and arrest. Following a Mapp/Dunaway/Rodriguez hearing, Supreme Court denied the suppression motion. Defendant thereafter pleaded guilty to criminal sale of a controlled substance in the third degree with the understanding that he would waive his right to appeal in exchange for a prison term of 7½ years followed by three years of postrelease supervision. Supreme Court subsequently sentenced him as a second felony offender, in accordance with the plea agreement. Approximately six months later, defendant, who was self-represented at the time, unsuccessfully moved pursuant to CPL 440.10 to vacate the judgment of conviction on ineffective assistance of counsel grounds. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion.[FN1]
Defendant contends that his waiver of the right to appeal was not knowing, voluntary and intelligent and is therefore unenforceable. We agree. The written appeal waiver before us is familiar to this Court, as we have previously deemed it to be overly broad on several occasions (see People v Stratton, 201 AD3d 1201, 1202 [2022]; People v Robinson, 195 AD3d 1235, 1236 [2021]; People v Downs, 194 AD3d 1118, 1119 [2021], lv denied 37 NY3d 971 [2021]). Further, our review of Supreme Court's oral colloquy evidences that it failed to cure the defective waiver by "ensur[ing] that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d 1313, 1314 [2021] [internal quotation marks and citations omitted]; see People v Harris, 201 AD3d 1030, 1030 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]; People v Monk, 189 AD3d 1970, 1971 [2020], lv denied 37 NY3d 958 [2021]). We therefore find defendant's appeal waiver invalid and his challenge to Supreme Court's suppression ruling is properly before us (see People v Stratton, 201 AD3d at 1202; People v Winters, 196 AD3d 847, 849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]; People v Nichols, 194 AD3d 1114, 1116[*2][2021], lv denied 37 NY3d 973 [2021]).
Supreme Court properly denied defendant's motion to suppress the physical evidence recovered from his vehicle and the passenger of his vehicle. "'Probable cause for a warrantless arrest may be supplied, in whole or part, through hearsay information, provided it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted'" (People v Zirpola, 171 AD3d 1245, 1247 [2019] [brackets omitted], lv denied 34 NY3d 1164 [2020], quoting People v Bell, 5 AD3d 858, 859 [2004]). "Adequate indicia of reliability may include, among other things, that the CI has provided details of events that are confirmed by police observation and/or information already known to police, or by a positive identification of the defendant" (People v Wolfe, 103 AD3d 1031, 1033-1034 [2013] [citations omitted], lv denied 21 NY3d 1021 [2013]).
At the Mapp/Dunaway/Rodriguez hearing, Gregory Mulligan, a detective with the Albany Police Department, testified that, on the day of defendant's arrest, he and another detective interviewed the CI, who informed the officers that he was familiar with defendant, that defendant was engaging in the sale of large quantities of cocaine and, further, that the CI had previously purchased drugs from defendant. Specifically, the CI told the detectives that he had known defendant for two years and that defendant was his "drug dealer" and "the source of [the CI's] supply." The CI also provided the detectives with defendant's name, phone number, physical description and his social media page, and advised the detectives that defendant lived in the City of Schenectady, Schenectady County and drove a Mercedes Benz sport utility vehicle. A subsequent search of defendant's social media page showed defendant standing alongside the vehicle that the CI had identified. The detectives then ran a license plate search that confirmed that the vehicle was indeed registered under defendant's name.
Following their conversation with the CI, detectives organized a "rip operation," which entailed the CI placing a recorded call to defendant to arrange a drug transaction. On the call, the CI arranged to purchase about two ounces of unspecified drugs valued at around $3,000. The transaction would take place somewhere "uptown" in the City of Albany. After said phone conversations, Mulligan went together with the other detective and the CI to the designated meet-up location in an unmarked vehicle, and "takedown teams" were put in place for defendant's arrival. Defendant arrived shortly thereafter in the same vehicle the CI had previously described and called the CI to advise him that he was at the agreed-upon meeting location. While defendant placed the call, Scott Gavigan, another detective with the Albany Police Department who was parked in an unmarked vehicle at the location of the rip operation, radioed that defendant had arrived and [*3]parked directly next to Gavigan's vehicle. Gavigan confirmed that the vehicle's license plates matched defendant's vehicle and radioed defendant's location and that he believed that defendant was the same individual who was contemporaneously on the phone with the CI. The takedown teams were then instructed to move in and arrest defendant, at which point defendant was removed from his vehicle and immediately placed into custody. Mulligan subsequently drove the CI by the area where the vehicle had been stopped and the CI confirmed that the individual under arrest was defendant and that the vehicle belonged to defendant. Following defendant's arrest, Gavigan searched the vehicle and recovered defendant's cell phone, which carried the same phone number that the CI had previously called. A search of the passenger of the vehicle uncovered 41 grams of cocaine on her person.
According deference to Supreme Court's credibility determinations (see People v Button, 56 AD3d 1043, 1044 [2008], lv dismissed 12 NY3d 781 [2009]; People v Cooks, 57 AD3d 796, 797 [2008], lv denied 12 NY3d 782 [2009]), we find that the Aguilar-Spinelli test was satisfied and that sufficient probable cause for defendant's arrest and the ensuing seizure of his cell phone was established (see People v Cook, 134 AD3d 1241, 1244 [2015], lv denied 26 NY3d 1143 [2016]; People v Anderson, 104 AD3d 968, 970 [2013], lvs denied 21 NY3d 1013, 1016 [2013]; People v Henderson, 57 AD3d 562, 563-564 [2008], lv denied 12 NY3d 925 [2009]). The CI's basis of knowledge was established by his active participation in the rip operation, alongside the substantial information he furnished regarding defendant's appearance, cell phone number and the existence of prior text messages between him and defendant from the day prior to the rip operation (see People v Clark, 153 AD3d 1093, 1095 [2017], lv denied 30 NY3d 979 [2017]; People v Sudler, 75 AD3d 901, 903 [2010], lv denied 15 NY3d 956 [2010]). Further, the CI's reliability was established by police corroboration of the information the CI had already provided, along with the direct observations of the police officers conducting the rip operation, who testified to observing defendant arrive in the same vehicle previously identified by the CI and conversing on the phone with the CI regarding the agreed-upon purchase (see People v Davis, 204 AD3d 1072, 1076 [2022]; People v Sudler, 75 AD3d at 903; see also People v Cruz, 131 AD3d 724, 726 [2015], lv denied 26 NY3d 1087 [2015]).
As to defendant's contention regarding his standing to challenge the search of the passenger, while he properly preserved this argument for our review by virtue of his posthearing submission (see CPL 470.05 [2]; compare People v Murray, 194 AD3d 1360, 1361-1362 [2021]; People v Williams, 146 AD3d 906, 907-908 [2017]; lv denied 29 NY3d 1002 [2017]), we find that his contention lacks merit. It is well established that "'[a] defendant seeking to challenge a search and seizure cannot [*4]rest upon the fact that the People have charged him with constructive possession of contraband, but must demonstrate that the search violated a personal legitimate expectation of privacy'" (People v Dawson, 269 AD2d 817, 818 [2000], lv denied 95 NY2d 833 [2000], quoting People v Cedeno, 193 AD2d 540, 541 [1993], lv denied 82 NY2d 715 [1993]; see People v Wesley, 73 NY2d 351, 357 [1989]; People v Mosley, 68 NY2d 881, 883 [1986], cert denied 482 US 914 [1987]). The search of the passenger of his vehicle does not give rise to such an expectation under the circumstances presented (see People v Gibson, 137 AD3d 1657, 1657-1658 [2016], lv denied 27 NY3d 1151 [2016]; People v Dawson, 269 AD2d at 818]). Altogether, we find that Supreme Court properly denied defendant's motion to suppress.
Finally, defendant's contention that he was denied the effective assistance of counsel, to the extent that it implicates the voluntariness of his plea, is unpreserved for review in the absence of an appropriate postallocution motion (see People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]; People v Milligan, 165 AD3d 1347, 1347 [2018]; People v Baxter, 154 AD3d 1010, 1011 [2017]). Further, defendant's ineffective assistance of counsel arguments challenging his counsel's efforts during motion practice were forfeited by his guilty plea (see People v Rhodes, 203 AD3d 1316, 1318 [2022]; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]; People v Islam, 134 AD3d 1348, 1349 [2015]) and, in any event, are without merit as they "fail to rise above hindsight second-guessing of counsel's legitimate strategic choices" (People v Welch, 137 AD3d 1313, 1315 [2016], lv denied 27 NY3d 1141 [2016]; see People v Lubrano, 117 AD3d 1239, 1242 [2014], lv denied 25 NY3d 990 [2015]). Defendant's remaining contentions, although not explicitly addressed herein, have been considered and are also found to be without merit.
Clark, J.P., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment and order are affirmed.

Footnotes

Footnote 1: Because defendant failed to raise any contentions in his brief with regard to the denial of his CPL 440.10 motion, we deem said appeal abandoned (see People v Ellis, 182 AD3d 791, 792 n 2 [2020], lv denied 35 NY3d 1026 [2020]; People v McCorkle, 67 AD3d 1249, 1250 n [2009]).