People v Ford (2022 NY Slip Op 06192)

People v Ford

2022 NY Slip Op 06192

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

112183
[*1]The People of the State of New York, Respondent,
v
Henry Ford, Appellant.

Calendar Date:October 7, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ. 

Adam G. Parisi, Schenectady, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered September 13, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree (two counts).
Defendant was charged in an eight-count indictment with, among other crimes, attempted murder in the second degree and rape in the first degree. After initially rejecting a less advantageous plea offer, defendant was afforded the opportunity to plead guilty to two counts of strangulation in the second degree with the understanding that he would be sentenced upon each count to a prison term of five years followed by five years of postrelease supervision — said terms to be served consecutively. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and Supreme Court imposed the contemplated term of imprisonment.
The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid. The written waiver of appeal executed by defendant contains overbroad language (see People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Podeswa, 205 AD3d 1139, 1140 [3d Dept 2022], lv dismissed 38 NY3d 1135 [2022]), and Supreme Court's brief oral colloquy was insufficient to establish that defendant appreciated the nature and ramifications of the waiver (see People v Brewster, 194 AD3d 1266, 1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]; People v Alexander, 174 AD3d 1068, 1068 [3d Dept 2019], lv denied 34 NY3d 949 [2019]) and understood the distinction that some appellate review nonetheless survived (see People v Jackson, 206 AD3d 1244, 1245 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Darby, 206 AD3d at 1166). As the appeal waiver is invalid, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Griffen, 200 AD3d 1195, 1196 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]). That said, we discern no basis upon which to disturb the negotiated sentence imposed (see CPL 470.15 [6] [b]). Despite the serious nature of defendant's conduct, defendant was afforded a very advantageous plea agreement, and Supreme Court imposed the agreed-upon sentence. Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.