People v Morehouse (2020 NY Slip Op 03048)





People v Morehouse


2020 NY Slip Op 03048


Decided on May 28, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 28, 2020

108949B

[*1]The People of the State of New York, Respondent,
v
Lance Morehouse, Appellant.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Marlene O. Tuczinski, Chatham, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered February 26, 2016, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.
In July 2015, defendant was charged in a seven-count indictment with, among other things, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. In a second indictment, defendant was charged with criminal possession of a controlled substance in the fourth degree. After his motion to suppress certain physical evidence was denied, defendant pleaded guilty to counts 1 and 4 of the first indictment charging him, respectively, with criminal possession of a controlled substance (morphine tablets) in the third degree and criminal possession of a weapon (metal or brass knuckles) in the third degree in satisfaction of both indictments. Defendant also waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced, as a second felony offender, to a prison term of 6½ years, followed by two years of postrelease supervision, for the controlled substance conviction and to a concurrent prison term of 1½ to 3 years for the weapon conviction. At sentencing, County Court first noted that it had informed counsel that the minimum term of an indeterminate sentence for the weapon conviction was two years, not the agreed-upon 1½ years. When the court inquired as to whether counsel wished to be heard, defense counsel responded, "I discussed it with [defendant], we're fine with it." At the court's request, the waiver of appeal was amended to correct the sentence and initialed by defendant. The court then sentenced defendant, as a second felony offender, to a prison term of 6½ years, followed by two years of postrelease supervision, for his controlled substance conviction and to a concurrent prison term of 2 to 4 years for his weapon conviction. Defendant appeals.
Defendant maintains, the People concede and we agree that the appeal waiver was invalid because County Court failed to advise defendant that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Maxwell, 142 AD3d 739, 740 [2016]), and also because the court increased the sentence, but failed to inquire into whether defendant wished to withdraw his consent to the appeal waiver (see People v Johnson, 14 NY3d 483, 487 [2010]).
We turn next to defendant's contention that County Court erred in denying his motion to suppress the evidence, seized from his home pursuant to a warrant, which included the morphine tablets and the metal or brass knuckles. Defendant maintains that the warrant was issued without probable cause, principally because the warrant application was based on defendant's asserted possession of synthetic cannabinoids, which is not illegal under the Penal Law, albeit a violation of the State Sanitary Code. We are not persuaded. Initially, defendant's contention that the court erred in denying his suppression motion without a hearing has not been preserved for our review because defense counsel waived a hearing on the scheduled hearing date. Were this argument preserved, we would find that defendant failed to support his request for a hearing with any sworn factual allegations (see CPL 710.60 [3]; People v Gannon, 174 AD3d 1054, 1057-1058 [2019], lv denied 34 NY3d 980 [2019]).
A search warrant must be based on probable cause, meaning that there is "information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]; accord People v Matthews, 159 AD3d 1111, 1113 [2018]). A search warrant application must include "[a] statement that there is reasonable cause to believe that property of a kind or character described in [CPL] 690.10 may be found in or upon a designated or described place" (CPL 690.35 [3] [b]). Personal property that "[c]onstitutes evidence or tends to demonstrate that an offense was committed in this state" is subject to seizure (CPL 690.10 [4]). "Offense" is defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state" (Penal Law § 10.00 [1]). Further, a "[v]iolation" is defined as "an offense . . . for which a sentence to a term of imprisonment in excess of [15] days cannot be imposed" (Penal Law § 10.00 [3]).
Defendant is correct in asserting that the Penal Law prohibitions against the possession of controlled substances and marihuana do not specifically include synthetic cannabinoid. However, the Sanitary Code makes it "unlawful for any individual . . . to possess, manufacture, distribute, sell or offer to sell any synthetic phenethylamine or synthetic cannabinoid," with exceptions not applicable here (10 NYCRR 9-1.2). Significantly, "[t]he provisions of the [S]anitary [C]ode shall have the force and effect of law and the non-compliance or non-conformance with any provision thereof shall constitute a violation punishable on conviction for a first offense by a fine not exceeding [$250] or by imprisonment . . . not exceeding [15] days, or both" (Public Health Law § 229 [emphasis added]). It follows that, by definition, a search warrant may be issued for the alleged possession of synthetic cannabinoids (see Public Health Law
§ 229; People v Scott, 174 AD3d 1049, 1050 [2019]; 10 NYCRR 9-1.1 [b]; 9-1.2).
The search warrant application was presented to County Court by Terry Markham, an investigator with the Washington County Sheriff's Department. The application specified that the personal property sought consisted of "[s]ynthetic [c]annabinoids, mari[h]uana and other [c]ontrolled substances and paraphernalia for transporting, packaging, weighing, cutting, testing, distributing, and identifying controlled substances." In his supporting affidavit, Markham explained that two neighbors complained of heavy traffic in and out of defendant's home throughout the day and night, raising concerns of drug sales. Markham also received information from a confidential informant, who had assisted Markham in past cases, that defendant was selling "one thousand bags of 'posh' a week" — which Markham knew as a slang term for synthetic cannabis — as well as heroin, cocaine and marihuana. A week before Markham applied for the warrant, the confidential informant informed Markham that defendant had obtained "a bunch of weed and posh and it[']s at his house" and that if Markham "move[d] quickly," he could "nab [defendant] with a pretty good amount . . . [— five pounds] of weed and several hundred bags of cash." Markham also recounted that, after deputies conducted a traffic stop of a vehicle that had left defendant's residence, a consent search uncovered a small package of "posh," which the driver admitted he obtained from defendant. In our view, the search warrant was supported by probable cause that defendant possessed and was selling both marihuana and synthetic cannabinoids. Thus, we find no error in County Court's denial of defendant's motion to suppress (see People v Jackson, 176 AD3d 1312, 1313-1314 [2019]; People v Elder, 173 AD3d 1344, 1345 [2019], lv denied 34 NY3d 930 [2019]; People v Brown, 167 AD3d 1331, 1333 [2018]).
Next, defendant's claim of ineffective assistance of counsel was not preserved for our review by an appropriate postallocution motion, despite defendant having an ample opportunity to do so (see People v Schmidt, 179 AD3d 1384, 1385 [2020]). Nor did defendant make any statements during the plea colloquy triggering an exception to the preservation requirement (see People v Inman, 177 AD3d 1167, 1168 [2019]). Defendant also failed to preserve his contention that County Court erred in imposing a longer sentence for his possession of a weapon conviction as he did not challenge it, acknowledging that the increased minimum sentence was required. Lastly, the court did not abuse its discretion by imposing the agreed-upon sentence as it is neither harsh nor excessive (see People v Gilmore, 177 AD3d 1029, 1029 [2019]).[FN1] Defendant's remaining contentions, to the extent that they are not specifically addressed, have been examined and found to be without merit.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We are mindful that the determinate sentence imposed on the criminal possession of a controlled substance conviction would be authorized where defendant was sentenced as a second felony drug defender (see Penal Law §§ 70.00 [1]; 70.70 [3] [b] [i]). At sentencing, defendant acknowledged that he had previously been convicted of criminal possession of a controlled substance in the third degree.