People v Bushey (2020 NY Slip Op 05095)





People v Bushey


2020 NY Slip Op 05095


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

110604

[*1]The People of the State of New York, Respondent,
v
Anthony Bushey, Appellant.

Calendar Date: September 4, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


G. Scott Walling, Slingerlands, for appellant.
Letitia James, Attorney General, New York City (Hannah Stith Long of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 8, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
In connection with an 86-count indictment against multiple codefendants related to drug trafficking, defendant was charged with conspiracy in the second degree and several drug-related crimes. In satisfaction of all charges, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree under count 60 of the indictment and executed a waiver of appeal, in exchange for a prison sentence of four years to be followed by two years of postrelease supervision. At sentencing, County Court determined that defendant had violated his plea agreement and imposed an enhanced prison sentence of five years with two years of postrelease supervision. Defendant appeals.
We affirm. Defendant argues that County Court abused its discretion in imposing an enhanced sentence without conducting a sufficient inquiry into his postplea conduct. At sentencing, the court indicated that it had received documents from the jail reflecting that defendant had violated jail rules by damaging a facility tablet, and the court found that it was no longer bound to impose the promised sentence. When provided an opportunity to address the court, defendant did not deny the postplea conduct, object to the court's violation finding, request a hearing or further inquiry to contest the jail charges or move to withdraw his guilty plea. Thus, defendant's claim is unpreserved (see People v Adams, 165 AD3d 1343, 1345 [2018]; People v Smith, 162 AD3d 1408, 1409 [2018]; cf. People v Outley, 80 NY2d 702, 707, 713 [1993]; People v Blanford, 179 AD3d 1388, 1392-1393 [2020], lv denied 35 NY3d 968 [2020]).
Moreover, defendant waived any challenge to the enhanced sentence in exchange for the promise that it would satisfy the charges related to the jail misconduct (see People v Derrig, 175 AD3d 1675, 1675-1676 [2019], lv denied 34 NY3d 1127 [2020]; People v Slamp, 145 AD3d 1320, 1321 [2016]). Given the foregoing, defendant's claim that the enhanced sentence is harsh and excessive is precluded by his unchallenged oral and written waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Adams, 153 AD3d 1449, 1451 [2017]).
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.