People v Bishop (2020 NY Slip Op 06979)





People v Bishop


2020 NY Slip Op 06979


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

109842B

[*1]The People of the State of New York, Respondent,
v
Kristen Bishop, Appellant.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Angela Kelley, Albany, for appellant.
Paul Czajka, District Attorney, Hudson (Kevin B. Thiemann of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered February 24, 2017, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.
Defendant pleaded guilty to burglary in the second degree and waived her right to appeal. Under the terms of the plea agreement, she was to be sentenced to 3½ years in prison, followed by five years of postrelease supervision. County Court advised defendant that she was required to cooperate with the Probation Department in preparing a presentence investigation report and, if a warrant were to be issued for her arrest for failure to keep her scheduled Probation Department appointment, the court was no longer bound by the terms of the plea agreement. Defendant subsequently failed to appear for her presentence investigation interview and a bench warrant was issued. As a result, County Court sentenced defendant to 4½ years in prison, followed by five years of postrelease supervision. Defendant appealed, and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (181 AD3d 978 [2020]).
Defendant contends that County Court failed to conduct a sufficient inquiry into whether she violated the terms of the plea agreement prior to imposing an enhanced sentence. However, defendant did not preserve this contention for our review, as she did not request a hearing or move to withdraw her plea on that ground (see People v Smith, 162 AD3d 1408, 1409 [2018]; People v Forkey, 72 AD3d 1209, 1210 [2010]). In any event, even if preserved, we would find County Court's inquiry to be sufficient under the circumstances. Despite having an ample opportunity to do so, defendant did not refute the allegation that she violated the terms of the plea agreement by missing a scheduled appointment with the Probation Department. She did not assert that she lacked sufficient notice of the date, time or location of the appointment; rather, defendant offered other justifications for missing the appointment — primarily, her drug addiction and recent relapse (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Crowder, 110 AD3d 1384, 1385-1386 [2013], affd 24 NY3d 1134 [2015]). Defense counsel vigorously argued for adherence to the negotiated sentence and, although not ultimately successful, made a compelling argument in support thereof. Contrary to defendant's contention, we do not find defense counsel to be ineffective for failing to request an evidentiary hearing, as the court was not obligated to hold a hearing under these circumstances (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Garrow, 147 AD3d 1160, 1162 [2017]).
As for defendant's argument that the enhanced sentence was harsh and excessive, we note that the written plea agreement expressly reserved defendant's right to appeal the sentence if County Court imposed a sentence harsher than the one negotiated. Thus, as the People concede, defendant's sentencing challenge is not precluded by her waiver of the right to appeal. Nevertheless, given that defendant was informed of the consequences of a bench warrant being issued, as well as the maximum statutory sentence that could be imposed, we will not disturb the enhanced sentence imposed (see People v Beardsley, 159 AD3d 1194, 1195 [2018]; People v Jordan, 111 AD3d 970, 971 [2013], lv denied 22 NY3d 1088 [2014]).
Garry, P.J., Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.