People v Hockenbury (2021 NY Slip Op 00335)





People v Hockenbury


2021 NY Slip Op 00335


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

110243

[*1]The People of the State of New York, Respondent,
v
James Hockenbury, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Clark, Mulvey, Reynolds Fitzgerald and Colangelo, JJ. 


Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 10, 2017, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Defendant was indicted and charged with one count of criminal sexual act in the first degree. The charges stemmed from an incident that occurred in 2016 when defendant, who had a long history of working with children, engaged in oral sexual conduct — on the grounds of an elementary school — with the less than four-year-old child whom he was babysitting. Following a suppression hearing, defendant agreed to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of 10 years followed by 20 years of postrelease supervision — subject to County Court's review of the presentence investigation report. The plea agreement, which required defendant to waive his right to appeal, also encompassed other potential charges that could result from two ongoing investigations involving allegations of, among other things, a second young victim. In conjunction therewith, defendant further agreed to afford the mother of the alleged second victim an opportunity to speak at sentencing. Defendant thereafter pleaded guilty in accord with the plea agreement, and the matter was adjourned for sentencing.
After reviewing the presentence investigation report and hearing from the victim's mother, as well as the mother of the alleged second victim, County Court informed defendant that it could not honor its prior sentencing commitment and afforded defendant the option of either withdrawing his plea or accepting a sentence of 15 years in prison followed by 20 years of postrelease supervision. Following discussions with counsel, defendant elected to proceed with the enhanced sentence, and County Court sentenced defendant accordingly. This appeal ensued.
As County Court did not — prior to imposing the enhanced sentence — ascertain whether defendant remained willing to waive his right to appeal, the waiver of appeal is invalid (see People v Johnson, 14 NY3d 483, 487 [2010]; People v Morehouse 183 AD3d 1180, 1181 [2020], lv denied 35 NY3d 1068 [2020]; People v Morgan-Smith, 182 AD3d 923, 925 [2020], lv denied 35 NY3d 1047 [2020]). As such, defendant's challenge to the severity of his sentence is not precluded (see People v Morgan-Smith, 182 AD3d at 925). That said, given the aberrant nature of defendant's crime and the circumstances surrounding its commission, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed in the interest of justice — notwithstanding defendant's lack of a prior criminal history (see People v Kruppenbacher, 163 AD3d 1266, 1267 [2018], lv denied 32 NY3d 1065 [2018]). Notably, the sentence imposed was less than the statutory maximum (see Penal Law § 70.02 [1] [a]; [3] [a]), and the favorable plea agreement resolved other potential charges.
To the extent [*2]that defendant contends that he was denied the effective assistance of counsel at the time of sentencing due to counsel's asserted failure to oppose the enhanced sentence, we note that defendant was offered an opportunity to withdraw his plea but declined to do so following a discussion with his counsel. Defendant also agreed to allow the mother of the alleged second victim to speak at sentencing. Under these circumstances, and given defendant's potential sentencing exposure (see Penal Law § 70.02 [1] [a]; [3] [a]), we do not find that defendant was denied the effective assistance of counsel (compare People v Barnes, 177 AD3d 1168, 1169 [2019]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Mulvey, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.