People v Ackley (2021 NY Slip Op 01293)





People v Ackley


2021 NY Slip Op 01293


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

112397

[*1]The People of the State of New York, Respondent,
v
Justin E. Ackley, Appellant.

Calendar Date: February 4, 2021

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ.


Brennan & White, LLP, Queensbury (Joseph R. Brennan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.



Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered January 31, 2018, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and attempted criminal sexual act in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of attempted burglary in the second degree. The plea agreement, which required defendant to waive his right to appeal, contemplated that defendant would be sentenced to a prison term of 4½ years followed by five years of postrelease supervision. Defendant separately agreed to resolve an indictment then pending against him by entering an Alford plea to the reduced charge of attempted criminal sexual act in the second degree in exchange for a prison term of two years followed by five years of postrelease supervision. Under the terms of the plea agreement, the sentences imposed would run concurrently. Defendant pleaded guilty to the charged crimes and thereafter was advised, as relevant here, that his failure to cooperate with the Probation Department could result in the imposition of an enhanced sentence.
At sentencing, County Court noted that defendant's statement to the Probation Department — that "he did not remember the burglary" — conflicted with defendant's sworn plea allocution and indicated its intent to impose an enhanced sentence based upon defendant's failure to cooperate with the Probation Department. Defense counsel objected, requested a hearing and made an oral motion to withdraw defendant's plea — all of which were denied by County Court. County Court thereafter sentenced defendant as a second felony offender to a prison term of two years upon his conviction of attempted criminal sexual act in the second degree (followed by five years of postrelease supervision) and to a prison term of six years upon his conviction of attempted burglary in the second degree (followed by five years of postrelease supervision) — said sentences to run concurrently. Defendant appeals.
Defendant contends that, absent a violation of an express condition of the plea agreement, County Court erred in imposing an enhanced sentence upon his attempted burglary conviction without first conducting a hearing or otherwise sufficiently inquiring about defendant's allegedly inconsistent statements.[FN1] We agree. There is no question that "[a]n enhanced sentence may be imposed on a defendant who, in violation of an express condition of a plea agreement, has failed to truthfully answer questions during a [P]robation [D]epartment interview" (People v Takie, 172 AD3d 1249, 1250 [2019] [internal quotation marks and citation omitted], lv denied 33 NY3d 1109 [2019]; see People v Ramirez, 175 AD3d 569, 570 [2019], lv denied 34 NY3d 983 [2019]; People v Guzman-Hernandez, 135 AD3d 957, 957 [2016]). It is equally clear, however, that "[a] sentencing court may not impose an enhanced sentence [*2]unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or has given the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Morgan-Smith, 182 AD3d 923, 925 [2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 1047 [2020]). Further, "[d]ue process . . . requires that, before imposing an enhanced sentence, the court conduct an inquiry sufficient for it to determine that the defendant indeed violated the plea condition" (People v Guzman-Hernandez, 135 AD3d at 957).
Prior to adjourning the matter for sentencing, County Court stated to defendant, "It's important that you cooperate with the Probation Department . . ., because if you . . . didn't cooperate with the presentence investigation report, then I could enhance the sentence and sentence you to more time." County Court did not, however, expressly advise defendant (and defendant, in turn, did not agree) that he must provide truthful answers to the Probation Department, refrain from making statements that were inconsistent with his sworn statements during the plea colloquy and/or avoid any attempt to minimize his conduct in the underlying burglary (compare People v Ramirez, 175 AD3d at 570; People v Takie, 172 AD3d at 1250; People v Guzman-Hernandez, 135 AD3d at 957). Further, County Court summarily denied defendant's oral motion to withdraw his plea upon this ground and, despite defendant's request for a hearing, County Court made no further inquiry as to defendant's allegedly inconsistent statements; rather, County Court simply concluded that defendant's stated inability to recall the burglary at the time of his interview with the Probation Department constituted a failure to "cooperate" in the preparation of the presentence investigation report. Given the subjective nature of the court's requirement that defendant "cooperate" with the Probation Department and the court's corresponding lack of further inquiry, County Court erred in imposing an enhanced sentence without first affording defendant an opportunity to withdraw his plea (see People v Barnes, 177 AD3d 1168, 1169 [2019]). Accordingly, the sentence is vacated, and this matter is remitted to County Court to either impose the agreed-upon sentence or afford defendant the opportunity to withdraw his plea.
Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Under the circumstances presented here, defendant's argument survives his unchallenged appeal waiver (see generally People v Bishop, 188 AD3d 1445, 1446 [2020]; People v Barnes, 177 AD3d 1168, 1169 n [2019]; compare People v Golden, 171 AD3d 1357, 1358 [2019]) and has been preserved for our review (compare People v Bishop, 188 AD3d at 1446; People v Bushey, 186 AD3d 1835, 1835 [2020], lv denied 36 NY3d 928 [2020]; People v Barnes, 177 AD3d at 1169).