People v Sanchez (2021 NY Slip Op 03085)





People v Sanchez


2021 NY Slip Op 03085


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

111837
[*1]The People of the State of New York, Respondent,
v
Ismael F. Sanchez, Appellant.

Calendar Date:April 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.

Michael T. Baker, Public Defender, Binghamton (Alexander M. Keene of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered April 5, 2019, convicting defendant upon his plea of guilty of the crime of unauthorized use of a motor vehicle in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of unauthorized use of a motor vehicle in the first degree with the understanding that he would be sentenced — as a second felony offender — to a prison term of 3 to 6 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing — with the admonition that, should defendant, among other things, fail to appear for sentencing, County Court would not be bound by the plea agreement and could sentence defendant to a prison term of 3½ to 7 years.
Defendant arrived late for his initial sentencing date, at which time he requested and was granted an adjournment in order to have some dental work performed — subject to a warning regarding the consequences of failing to appear "on time." Two additional adjournments were granted — subject to similar admonitions — before defendant failed to appear for sentencing on March 29, 2019. When the parties convened for sentencing on April 5, 2019, it was revealed that although defendant was in the courtroom on March 29, 2019, he left before his case was called — purportedly due to a panic attack. Defense counsel, noting that defendant was on medication for anxiety, argued that defendant had experienced "a legitimate medical episode" and asked that County Court impose the agreed-upon sentence of 3 to 6 years in prison. After affording defendant an opportunity to elaborate, the court imposed the enhanced sentence of 3½ to 7 years, citing defendant's failure to heed the court's prior warnings regarding the consequences of failing to appear. This appeal ensued.
We affirm. Although a sentencing court may not impose an enhanced sentence unless, as relevant here, "'it has informed the defendant of [the] specific conditions that the defendant must abide by or risk such enhancement'" (People v Hunter, 173 AD3d 1249, 1250 [2019], lv denied 34 NY3d 933 [2019], quoting People v Tole, 119 AD3d 982, 984 [2014]), there is no question that defendant repeatedly was warned that, should he fail to appear, his sentence could be enhanced to a prison term of 3½ to 7 years. There also is no dispute that defendant left the courtroom prior to his case being called for sentencing, and the record reflects that, upon being informed that County Court intended to impose an enhanced sentence, defendant neither sought a hearing in this regard nor moved to withdraw his plea upon this ground (see People v Bishop, 188 AD3d 1445, 1446 [2020]; People v Bushey, 186 AD3d 1835, 1835 [2020], lv denied 36 NY3d 928 [2020]; People v Benninger, 173 AD3d 1568, 1569 [2019], lv denied 34 NY3d [*2]978 [2019]; People v Smith, 162 AD3d 1408, 1409 [2018]). To the extent that counsel's assertion that defendant's absence was due to a medical condition may be construed as an objection to the enhanced sentence, thereby preserving this issue for our review, the court afforded defendant an opportunity to explain or otherwise substantiate his absence, and defendant failed to do so. Accordingly, defendant's present claim — that the court failed to conduct a sufficient inquiry prior to imposing the enhanced sentence — is belied by the record.
Finally, "[a]s County Court did not — prior to imposing the enhanced sentence — ascertain whether defendant remained willing to waive his right to appeal, the waiver of appeal is invalid [and] defendant's challenge to the severity of his sentence is not precluded" (People v Hockenbury, 190 AD3d 1155, 1156 [2021] [internal citations omitted]). That said, given that defendant consistently was advised of both the consequences of failing to appear and the maximum statutory sentence that he could receive, we will not disturb the enhanced sentence imposed (see People v Bishop, 188 AD3d at 1447; People v Beardsley, 159 AD3d 1194, 1195 [2018]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.