People v McCarthy (2021 NY Slip Op 03878)





People v McCarthy


2021 NY Slip Op 03878


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

111232
[*1]The People of the State of New York, Respondent,
v
Joshua A. McCarthy, Appellant.

Calendar Date:May 7, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 7, 2019, convicting defendant upon his plea of guilty of the crime of promoting an obscene sexual performance by a child (two counts).
Under the terms of a plea agreement, defendant waived indictment, pleaded guilty to two counts of a superior court information charging him with promoting an obscene sexual performance by a child and purportedly waived his right to appeal. Defendant entered into the agreement with the understanding that he would serve a period of interim probation and, if successful, be sentenced to 10 years of probation. After reviewing the contents of the presentence investigation report, County Court found that it could not honor the sentencing commitment and indicated that defendant could either withdraw his guilty plea or be sentenced to concurrent terms of 1 to 3 years in prison. Defendant declined to withdraw his plea, after which County Court sentenced him to the promised terms of imprisonment. Defendant appeals.
We affirm. Initially, we agree with the parties that defendant's appeal waiver does not preclude his challenge to the severity of the sentence, as County Court failed to "ascertain whether defendant remained willing to waive his right to appeal" when he declined to withdraw his guilty plea and faced a sentence higher than that originally contemplated (People v Hockenbury, 190 AD3d 1155, 1156 [2021]; see People v Johnson, 14 NY3d 483, 487 [2010]). As for the merits of that challenge, County Court explained at sentencing that it no longer viewed defendant as an appropriate candidate for probation after learning that he had possessed over 2,000 pornographic images of children, was considered a danger to the community by mental health professionals, and required intensive outpatient sex offender treatment that was not locally available.[FN1] County Court therefore imposed, as defendant understood when he declined to withdraw his guilty plea, the minimum indeterminate prison sentence allowed by law (see Penal Law § 70.00 [3] [b]). In our view, the foregoing reveals neither extraordinary circumstances nor an abuse of discretion that would warrant a reduction of the sentence in the interest of justice (see People v Hilder, 79 AD3d 1459, 1459 [2010], lv denied 16 NY3d 798 [2011]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant suggests that it was inappropriate for County Court to consider information revealed by his mental health counselor, but we note that he consented to the release of his treatment records to the Probation Department at the conclusion of the plea proceeding.