People v Grimes (2021 NY Slip Op 03876)





People v Grimes


2021 NY Slip Op 03876


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

111144
[*1]The People of the State of New York, Respondent,
v
Israel Grimes, Also Known as Izzy, Appellant.

Calendar Date:May 7, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered May 14, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment relating to two cocaine sales and a pending drug possession charge, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and purportedly waived the right to appeal. Defendant was to be sentenced, as a second felony drug offender with a prior violent felony conviction, to 4½ years in prison to be followed by three years of postrelease supervision. Supreme Court warned him that it would not be bound by its sentencing commitment if, among other things, he had any disciplinary problems in jail while awaiting sentencing. Defendant's misbehavior while jailed then resulted in a new charge of assault in the second degree. In order to resolve the pending assault charge and avoid the possibility of a heavier enhanced sentence, defendant agreed to waive an Outley hearing on the alleged violation of the plea agreement and consent to an enhanced prison term of 5½ years. Supreme Court imposed the agreed-upon sentence as enhanced, and defendant appeals.
We affirm. The People do not dispute, and we find, that defendant's appeal waiver was invalid (see People v Figueroa, 192 AD3d 1269, 1269-1270 [2021]; People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]). As for the merits of defendant's claim that the enhanced sentence is harsh and excessive, that sentence was agreed to by him, was well below the maximum permitted for an offender in his position, and allowed him to avoid sentencing exposure on the pending assault charge (see Penal Law § 70.70 [4] [b] [ii]). In view of the foregoing, as well as defendant's prior criminal history, we perceive no extraordinary circumstances or abuse of discretion that would warrant the modification of the sentence in the interest of justice (see People v Avera, 192 AD3d 1382, 1383 [2021]; People v Gamble, 190 AD3d 1022, 1023 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.