People v Griffen (2021 NY Slip Op 06881)





People v Griffen


2021 NY Slip Op 06881


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

110414 112144
[*1]The People of the State of New York, Respondent,
v
Hiquan Griffen, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered March 30, 2018 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court (McDonough, J.), entered February 24, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of a three-count indictment charging him with multiple sales of crack cocaine, defendant pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree and purportedly waived the right to appeal. Pursuant to the plea agreement, Supreme Court (Breslin, J.) thereafter sentenced defendant, as a second felony offender, to eight years in prison, to be followed by three years of postrelease supervision. Defendant subsequently moved pro se, pursuant to CPL article 440, to vacate the judgment of conviction due to the alleged ineffective assistance of counsel. Supreme Court (McDonough, J.) denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
At the outset, we agree with defendant that his waiver of the right to appeal was invalid. Defendant executed a written appeal waiver with overbroad language indicating that he was relinquishing any right to appeal so long as Supreme Court (Breslin, J.) sentenced him in accordance with the plea agreement, and the colloquy "did not overcome this defect by ensuring that defendant understood that some appellate rights survive the appeal waiver" (People v Robinson, 195 AD3d 1235, 1236 [2021]; see People v Thomas, 34 NY3d 545, 566 [2019]; People v Mayeaux, 197 AD3d 1443, 1444 [2021]). Defendant's challenge to the severity of the sentence is not precluded as a result. Nevertheless, in view of his criminal history and a plea resolution that avoided potential consecutive sentences, we perceive neither an abuse of discretion nor any extraordinary circumstances that would warrant a reduction in the agreed-upon sentence (see People v Grimes, 195 AD3d 1245, 1245-1246 [2021]; People v Lussier, 109 AD3d 1023, 1023 [2013]).
Turning to defendant's CPL article 440 motion, he contended that counsel was ineffective in failing to move to dismiss the indictment on both statutory and constitutional speedy trial grounds. As Supreme Court (McDonough, J.) determined, that claim "could have been raised on his direct appeal, as 'sufficient facts appear on the record' to permit adequate review thereof and, thus, [it is] not the proper subject of a motion pursuant to CPL article 440" (People v Dickson-Eason, 143 AD3d 1013, 1015 [2016], lv denied 28 NY3d 1123 [2016], quoting CPL 440.10 [2] [b]). The record specifically shows that the charged drug sales occurred in March and April 2017, that defendant was indicted on [*2]November 29, 2017 and arraigned on December 15, 2017, at which point the People declared readiness for trial. Those facts reveal no statutory speedy trial violation (see CPL 30.30 [1] [a]). As for defendant's constitutional challenge, the record confirms that he was incarcerated for unrelated reasons during the relevant period and, "[c]onsidering the relevant factors, including the length of the delay, which was 'comparatively brief,' . . . the delay was not unreasonable and did not deprive him of due process, and no prejudice was shown" (People v LaPierre, 195 AD3d 1301, 1306-1307 [2021], quoting People v Acevedo, 179 AD3d 1397, 1400 [2020]; see People v Wiggins, 31 NY3d 1, 9-10 [2018]; People v Taranovich, 37 NY2d 442, 445-447 [1975]; People v Pope, 96 AD3d 1231, 1233-1234 [2012], lv denied 20 NY3d 1064 [2013]). In short, a motion to dismiss on either constitutional or statutory speedy trial grounds would have failed, and there is nothing ineffective in failing to make a motion that stands "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Decker, 159 AD3d 1190, 1192 [2018], lv denied 31 NY3d 1116 [2018]). Thus, Supreme Court properly denied defendant's CPL article 440 motion without a hearing.
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.