People v Thompson (2022 NY Slip Op 03289)





People v Thompson


2022 NY Slip Op 03289


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

113024
[*1]The People of the State of New York, Respondent,
v
Anthony J. Thompson, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Hegge & Confusione, LLC, Mullica Hill, New Jersey (Michael Confusione of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Carrie E. Daley of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered June 22, 2021, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
After forcibly entering the victim's home and causing her physical injury, defendant was charged in a seven-count indictment with burglary in the first degree, criminal mischief in the fourth degree, assault in the second degree, assault in the third degree, criminal obstruction of breathing or blood circulation, strangulation in the second degree and aggravated harassment in the second degree. Defendant ultimately pleaded guilty to the reduced charge of burglary in the second degree in full satisfaction of the indictment and agreed to waive his right to appeal in exchange for a prison term of six years followed by five years of postrelease supervision, to which County Court conditionally committed. At sentencing, however, the court became aware of at least two other arrests involving the same victim that had occurred prior to defendant's guilty plea. In light of this, the court determined that it could not sentence defendant in accordance with the plea agreement, and, after defendant declined the opportunity to withdraw his plea, the court sentenced him to a prison term of eight years followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal is invalid because County Court did not ascertain, prior to imposing the enhanced sentence, that defendant remained willing to waive his right to appeal (see People v Johnson, 14 NY3d 483, 487 [2010]; People v Sanchez, 194 AD3d 1199, 1201 [2021]; People v Hockenbury, 190 AD3d 1155, 1156 [2021], lv denied 37 NY3d 957 [2021]).
However, we find no error in the imposition of the enhanced sentence. After concluding that the negotiated sentence was no longer appropriate, County Court offered defendant multiple opportunities to withdraw his plea, which he declined, and therefore the court was permitted to impose an enhanced sentence (see People v Sutton, 184 AD3d 236, 241 [2020], lv denied 35 NY3d 1070 [2020]; People v Adams, 104 AD3d 1020, 1020-1021 [2013], lv denied 19 NY3d 964 [2012]; People v Mattucci, 92 AD3d 1029, 1029-1030 [2012]). Further, defendant's sentence was well below the maximum permissible sentence for this violent felony (see Penal Law §§ 70.06 [6] [b]; 140.25 [1] [b]), and, given his continued course of conduct against the victim, we perceive no extraordinary circumstances or abuse of discretion that would warrant a modification of the sentence in the interest of justice (see People v Grimes, 195 AD3d 1245, 1246 [2021]; People v Hockenbury, 190 AD3d at 1156-1157; People v Mattucci, 92 AD3d at 1030). Finally, defendant's claim that the court relied on improper information when sentencing him is unpreserved as defendant did not object on this ground at sentencing (see People v Tittensor, 197 AD3d 1356, 1357[*2][2021], lvs denied 37 NY3d 1095, 1099 [2021]; People v Boone, 192 AD3d 905, 905 [2021], lv denied 37 NY3d 954 [2021]; People v Metellus, 46 AD3d 578, 579 [2007], lv denied 10 NY3d 814 [2008]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.