People v Derverger (2023 NY Slip Op 01707)

People v Derverger

2023 NY Slip Op 01707

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

112070B
[*1]The People of the State of New York, Respondent,
v
Devon Derverger, Appellant.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Clark, J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), rendered May 15, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Based upon allegations that defendant unlawfully entered the home of his ex-girlfriend and severely beat an occupant therein with a metal object, defendant was indicted on charges of burglary in the first degree, burglary in the second degree and assault in the second degree. An order of protection was also issued in favor of the ex-girlfriend — who was present during the attack — and the victim. Subsequently, defendant, having been released on bail, was arrested as a result of his violation of that order of protection. In satisfaction of both the indictment related to the instant offense and any charges arising from his arrest on the violation of the order of protection, defendant pleaded guilty to the crime of assault in the second degree and, further, purported to waive his right to appeal, both orally and in writing. Supreme Court thereafter sentenced defendant, pursuant to the negotiated terms of the plea agreement, to six years in prison followed by five years of postrelease supervision. It was later discovered that the court had inadvertently failed to indicate that defendant was sentenced as a second felony offender. As a result, defendant was resentenced as a second felony offender, without objection, to the originally agreed-upon sentence, nunc pro tunc to the original sentencing date. Defendant appeals.
Initially, as the People concede, defendant's appeal waiver is invalid. The written appeal waiver executed by defendant contains overbroad language indicating that the waiver is a complete bar to an appeal so long as defendant was sentenced in accordance with the plea agreement (see e.g. People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]; People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Robinson, 195 AD3d 1235, 1236 [3d Dept 2021]). Supreme Court's plea colloquy did not cure this defect, as it failed to ensure that defendant understood that some appellate rights would survive the appeal waiver (see People v Stratton, 201 AD3d 1201, 1202 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Griffen, 200 AD3d 1195, 1195-1196 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Farmer, 207 AD3d 964, 964 [3d Dept 2022]; People v Griffen, 200 AD3d at 1196). Nevertheless, we do not find the agreed-upon sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) given the violent nature of the crime and defendant's lack of remorse, minimization of his conduct and his arrest for an additional crime while on bail for the instant offense (see Penal Law §§ 70.02 [1] [c]; 70.06 [6] [c]; 120.05 [2]; 215.51 [c]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied ___ NY3d [*2]___ [Feb. 22, 2023]).
Defendant next contends that his counsel was ineffective for failing to request that his sentence run nunc pro tunc to the date of his arrest on the violation charge so as to receive credit for the time spent in jail between his arrest and his unchallenged plea. Although defendant couches his request for a jail time credit as an ineffective assistance of counsel claim, he has failed to preserve such claim by way of an appropriate postallocution motion (see People v Morehouse, 183 AD3d 1180, 1183 [3d Dept 2020], lv denied 35 NY3d 1068 [2020]; People v Elder, 173 AD3d 1344, 1345-1346 [3d Dept 2019], lv denied 34 NY3d 930 [2019]). To the extent that defendant's ineffective assistance claim implicates matters outside the record, they are more properly addressed in the context of a CPL article 440 motion (see People v Schmidt, 179 AD3d 1384, 1385 [3d Dept 2020]; People v Williams, 163 AD3d 1172, 1173 [3d Dept 2018], lv denied 32 NY3d 1009 [2018]).
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.