People v McIntosh (2023 NY Slip Op 02809)

People v McIntosh

2023 NY Slip Op 02809

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

112116
[*1]The People of the State of New York, Respondent,
v
Brett M. McIntosh, Appellant.

Calendar Date:April 21, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered April 2, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of burglary in the second degree. In full satisfaction of that instrument and other charged and uncharged crimes, defendant agreed to plead guilty with the understanding that he would be sentenced to a prison term of 4½ years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following County Court's explanation of such right, defendant executed a written waiver of appeal.
At the start of the ensuing plea allocution, County Court learned that the homeowner had been present at the time of the underlying burglary. In response, the court indicated that it would not honor the prior sentencing commitment and, should defendant elect to proceed with his plea, he would be sentenced to a prison term of six years followed by five years of postrelease supervision. Following a brief adjournment, defendant opted to go forward and pleaded guilty to the charged crime, and County Court imposed the revised term of imprisonment. This appeal ensued.
We agree with defendant that his waiver of the right to appeal is invalid because County Court failed to ascertain, prior to imposing what amounted to an enhanced sentence, whether defendant remained willing to waive such right (see People v Thompson, 205 AD3d 1232, 1232 [3d Dept 2022]; People v McCarthy, 195 AD3d 1246, 1247 [3d Dept 2021]; People v Sanchez, 194 AD3d 1199, 1201 [3d Dept 2021]). Accordingly, defendant's challenge to the severity of his sentence is not foreclosed (see People v Hockenbury, 190 AD3d 1155, 1156 [3d Dept 2021], lv denied 37 NY3d 957 [2021]). Nonetheless, upon reviewing the record and considering all of the relevant factors, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.