People v Willetts (2025 NY Slip Op 00002)

People v Willetts

2025 NY Slip Op 00002

Decided on January 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 2, 2025

113459
[*1]The People of the State of New York, Respondent,
v
Steven E. Willetts, Appellant.

Calendar Date:December 11, 2024

Before:Garry, P.J., Lynch, Fisher, Powers and Mackey, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered October 4, 2021, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.
Defendant was charged in a 37-count indictment with various sex crimes spanning several years. He later moved to suppress certain of his statements to law enforcement, and a suppression hearing was held before a Judicial Hearing Officer, who recommended denying the motion. Prior to County Court's determination on the recommendation, defendant pleaded guilty to course of sexual conduct against a child in the first degree in full satisfaction of the indictment, as well as another pending charge, and waived his right to appeal. County Court sentenced defendant to a prison term of 16 years, to be followed by 20 years of postrelease supervision. Defendant appeals.[FN1]
We affirm. Defendant's arguments related to his motion to suppress his statements to law enforcement are precluded by his unchallenged appeal waiver in addition to his guilty plea that was entered prior to County Court rendering a decision on his motion (see People v Tetreault, 152 AD3d 1081, 1082 [3d Dept 2017], lv denied 30 NY3d 984 [2017]; People v Morton, 84 AD3d 1507, 1507 [3d Dept 2011], lv denied 18 NY3d 884 [2012]). Defendant's claim of ineffective assistance of counsel survives his appeal waiver — insofar as it implicates the voluntariness of his plea — but is unpreserved for review, as the record does not reflect that he made an appropriate postallocution motion, and the exception to the preservation rule has not been implicated (see People v Hinds, 217 AD3d 1138, 1140 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Morehouse, 183 AD3d 1180, 1183 [3d Dept 2020], lv denied 35 NY3d 1068 [2020]). "To the extent that defendant's ineffective assistance of counsel claims involve matters outside of the record, they are more properly addressed in the context of a CPL article 440 motion" (People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023] [citations omitted], lv denied 40 NY3d 934 [2023]; see People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]). Finally, defendant's assertion that the imposed sentence is harsh and excessive is precluded by his unchallenged appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Agueda, 202 AD3d 1153, 1154 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]).
Lynch, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant's notice of appeal sets forth an incorrect date of the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]).