People v Tripp
2026 NY Slip Op 03203
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Mark W. Tripp, Appellant.

Decided and Entered:May 21, 2026
113677 113678
Calendar Date: April 28, 2026
Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

[*1]
Clark, J.
Appeals (1) from a judgment of the County Court of St. Lawrence County (Gregory Storie, J.), rendered July 7, 2022, convicting defendant upon his plea of guilty of the crime of attempted unlawful manufacture of methamphetamine in the third degree, and (2) from a judgment of said court, rendered July 7, 2022, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.
In March 2021, defendant was charged in an indictment (hereinafter the first indictment) with unlawful manufacture of methamphetamine in the third degree and, in a separate October 2021 indictment (hereinafter the second indictment), with aggravated unlicensed operation of a motor vehicle in the first degree, driving while impaired by drugs or alcohol and driving while impaired by drugs. In October 2021, defendant pleaded guilty to attempted unlawful manufacture of methamphetamine in the third degree, in full satisfaction of the first indictment, and to aggravated unlicensed operation of a motor vehicle in the first degree, in full satisfaction of the second indictment, with the understanding that he would be sentenced to either one year of incarceration in local jail, or a split sentence of six months of incarceration in local jail and five years of probation.FN1 As part of the plea agreement, defendant was also required to waive his right to appeal both orally and in writing, and was given Parker warnings. During the plea proceedings, County Court informed defendant that it would decide whether the agreed-upon sentence was appropriate after receiving a presentence report from the Probation Department and that if it "c[ould not], in good conscience, impose [such] sentence" it would permit him to withdraw his pleas. The court further advised that defendant was required to abide by certain conditions "between now and the time of sentencing" — including cooperating "fully, completely and truthfully with the Probation Department in the preparation of the presentence investigation report" and appearing for sentencing on the indictments — warning that the failure to do so could result in an enhanced sentence and that he would not be given the opportunity to withdraw his pleas in that scenario.
In January 2022, defendant failed to appear for sentencing, at which time it was revealed that he had also failed to previously appear for his presentence investigation interview. Defendant was subsequently taken into custody, and, at an April 2022 appearance, it was noted that the presentence report was completed and that defendant had been charged with two additional outstanding felonies. Defendant thereafter filed a motion pursuant to CPL 220.60 (3) to withdraw his pleas, emphasizing that the court had informed him that he would be permitted to do so if it could not abide by the agreed-upon sentence and that he had "subsequently [been] charged with new crimes" and had failed to appear for the scheduled sentencing on the indictments[*2]. At sentencing, County Court denied defendant's motion to withdraw his pleas, finding that defendant was clearly informed of the plea conditions that he was required to follow and of the consequences for violating those conditions. After informing defendant that it was no longer bound by the plea agreement due to his failure to abide by the conditions requiring him to cooperate with the presentence investigation and to appear for sentencing, County Court imposed an enhanced sentence of 1½ years for his conviction of attempted unlawful manufacture of methamphetamine in the third degree and a lesser concurrent jail term for his conviction of aggravated unlicensed operation of a motor vehicle in the first degree. Defendant appeals from both judgments of conviction.
We affirm. Initially, defendant argues that County Court abused its discretion in denying his motion to withdraw his pleas. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Ward, 228 AD3d 1134, 1135 [3d Dept 2024] [internal quotation marks, brackets, ellipses and citations omitted], lv denied 42 NY3d 1022 [2024]; accord People v Peterson, 225 AD3d 1098, 1099-1100 [3d Dept 2024]). Here, defendant was expressly advised during the plea allocution, and in the Parker warnings (see People Parker, 57 NY2d 136, 141 [1982]), that the court would not be bound by its sentencing commitment if defendant failed to appear for sentencing, failed to cooperate fully, completely and truthfully with the Probation Department in the preparation of the presentence report, or was arrested/convicted of a new offense prior to sentencing. Defendant was also informed that, if he failed to abide by the foregoing conditions, he would not be allowed to withdraw his pleas, and defendant indicated his understanding of these conditions. Given that defendant was clearly advised of the above conditions and did not dispute County Court's findings that he failed to fully comply with these conditions, we conclude that County Court did not abuse its discretion in denying defendant's motion to withdraw his pleas (see CPL 220.60 [3]; People v Bishop, 188 AD3d 1445, 1446 [3d Dept 2020]; see also People v Tirado, 221 AD3d 832, 833 [2d Dept 2023], lv denied 41 NY3d 986 [2024]).
To the extent that defendant challenges the voluntariness of his pleas, such claim survives the unchallenged appeal waivers (see People v Scully, 242 AD3d 1259, 1259 [3d Dept 2025], lv denied 44 NY3d 1068 [2026]; People v Oliveira, 244 AD3d 1411, 1411 [3d Dept 2025]) but is unpreserved for our review insofar as he did not advance the arguments he raises in his postallocution motion to withdraw the plea despite having had ample opportunity [*3]to do so (see People v Nunnally, 224 AD3d 992, 993-994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]). In addition, the narrow exception to the preservation requirement was not triggered as defendant made no statements during the plea proceeding that " 'clearly cast[ ] significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea' " (People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *1 [2026], quoting People v Lopez, 71 NY2d 662, 666 [1988]).
Given the unchallenged appeal waivers, "defendant's claim that he was denied the effective assistance of counsel is precluded except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea" (People v Blanchard, 188 AD3d 1414, 1415-1416 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]). "To that extent, however, the absence of an appropriate postallocution motion [on this ground] renders the matter unpreserved" (id. at 1416 [citations omitted]). The balance of defendant's ineffective assistance of counsel claim implicates matters outside of the record and, therefore, is more properly the subject of a CPL article 440 motion (see People v Nunnally, 224 AD3d at 994).
To the extent defendant claims that the enhanced sentence imposed by County Court was unduly harsh or severe, the records of the Department of Corrections and Community Supervision confirm that defendant has been released from prison, has been discharged from parole and has reached the maximum expiration date of his sentence. As such, defendant's claim that the enhanced sentence imposed was unduly harsh or severe is now moot (see People v Hadlock, 218 AD3d 925, 931 [3d Dept 2023], lv denied 40 NY3d 997 [2023]; People v Vivona, 199 AD3d 1165, 1166 [3d Dept 2021]; People v Bennett, 143 AD3d 1008, 1009 [3d Dept 2016]).FN2
Garry, P.J., Fisher, Mackey and Ryba, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1
Defendant's pleas also satisfied several other pending charges, including felony burglary charges that postdated his arraignment on the first indictment.

Footnote 2
Such challenge would, in any event, also be precluded by the unchallenged appeal waivers (seePeople v Drennen, 236 AD3d 1245, 1247 [3d Dept 2025], lv denied 43 NY3d 1045 [2025]).